IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

    vs.                                                                    Case No.   1:24-cr-00214-MJM

Cedrick Brinkley

******

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S
MOTION TO MODIFY CONDITIONS OF RELEASE**

The Court has before it Defendant's Motion to Modify Conditions of Release (ECF No. 39) and the Government's Opposition (ECF No. 40).  As set forth more fully below, Defendant's Motion, is **DENIED**.

I.    **Background**

On July 8, 2024, after conducting a detention hearing, the Court ordered Defendant be detained pending trial.  (ECF No. 25).  The Court cited several factors in its order including the nature of the offense (selling 14 guns including a machine gun to an undercover officer), strength of the Government's proffer, Defendant's prior poor performance on community supervision, the fact that the alleged activity took place at the residence to which Defendant was seeking release, Defendant's criminal history (including convictions for armed robbery and second degree assault) and the recommendation of Pretrial Services.

On October 31, 2024, Defendant filed what was styled as a Motion to Modify Conditions of Release. (ECF No. 39).  Given that Defendant was not on release, the Court will treat his motion as one to reopen the Court's original detention decision under 18 U.S.C. § 3142(f)(2)(b).

The Government opposes release. (ECF No. 40). As set forth below, Defendant's motion is **DENIED**.

## II. Analysis

Section 3142(f)(2)(b) of the Bail Reform act states, in pertinent part, that a previously-held detention hearing "may be reopened…if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *Id*.

Defendant has not cited any information not known at the time of his detention hearing that would have a material bearing on the Court's previous decision. Defendant emphasizes that he has employment, although he does not cite what that employment is, or that it was unknown to him at the time of his original detention hearing. More importantly, although this Court has frequently cited employment as a stabilizing influence for those defendants who are otherwise appropriate candidates for release, Defendant is not such a candidate. Defendant also cites a proposed third-party custodian. Nonetheless, Defendant still proposes the same residence where the alleged activity took place (and where a search warrant uncovered illegal firearms and cash) as an appropriate one for release. While it is unclear whether the proposed third-party custodian was also living there at the time of the alleged illegal activity, the Court is no more inclined to allow release to this residence than it was at the time of the original detention hearing. Finally, Defendant cites the fact that a co-defendant was not detained. Each of the Court's detention determinations however is individualized, and the Court's decision as to one defendant is not generally a persuasive reason to revisit its detention determination for another.

Accordingly, Defendant's Motion (ECF No. 39) is **DENIED**.

| | |
|---|---|
| _11/4/2024_ | _[signature]_ |
| Date | J. Mark Coulson |
| | United States Magistrate Judge |